**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLEGARIO SOLTERO-SANCHEZ, | No. 09-71236 |
| Petitioner, | Agency No. A026-720-111 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Olegario Soltero-Sanchez, native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (BIA) denial of his motion to reconsider,

after the BIA vacated an Immigration Judge's grant of Soltero-Sanchez's request

for a § 212(c) waiver as a matter of discretion. The BIA found that to the extent it

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

could construe the motion for reconsideration as a motion to reopen, there was no explanation why Soltero-Sanchez's newly submitted psychological consultation report regarding rehabilitation could not have been discovered or presented at his removal hearing.

We have jurisdiction to review "whether the BIA applied the correct legal standard in making its [discretionary] determination" even though we lack jurisdiction to review the BIA's underlying decision regarding whether Soltero-Sanchez should be granted § 212(c) relief. *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) (internal quotation marks omitted). We will reverse the BIA's denial of a motion for reconsideration or to reopen "only if the BIA acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

The BIA did not err in denying Soltero-Sanchez's motion to reconsider because his motion did not specify errors of fact or law in the BIA's decision. 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."). The BIA also did not abuse its discretion in denying Soltero-Sanchez's motion to reopen that was based on the newly presented psychological report. Soltero-Sanchez failed to show that the report was not

2

previously available.  *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.").

**PETITION DENIED**.